**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 11-14 |
| | ) Judge Nora Barry Fischer |
| DOV RATCHKAUSKAS, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 9th day of March, 2017, upon consideration of Defendant Dov Ratchkauskas' Motion for Sanctions Against the Government for Eliciting False Testimony and/or Failing to Investigate and Correct the Record, (Docket No. [622]), the Government's Response in opposition thereto, (Docket No. [661]), and, Defendant's Reply, (Docket No. [667]),

IT IS HEREBY ORDERED that Defendant's Motion [622] is DENIED.

In so holding, the Court notes that Ratchkauskas makes clear that he is seeking attorney's fees and costs against the United States and not against AUSA Brendan T. Conway individually for his behavior during the litigation leading up to the Court's ruling on the dispute surrounding the testimony of borrower-witness Tawnya Anthony (McCabe). (Docket No. 667 at 3 ("To be clear, Mr. Ratchkauskas has asked the Court to sanction the Government as an entity based on the conduct of Government counsel, not to impose specific sanctions on individual Government counsel, although, as the Motion demonstrates, a basis for such individual sanctions does exist.")). Given the United States' sovereign immunity, such relief can only be obtained via the express waiver of sovereign immunity set forth in the Hyde Amendment, Pub. L. No. 105–119, § 617, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes). As many courts have recognized, the Hyde Amendment incorporates the procedures under the Equal Access to Justice Act and requires a threshold showing by the movant that he is a "party"

eligible for an award of fees and costs through a number of criteria, among them that he has a net worth of less than $2,000,000.00. *See e.g., United States v. Adkinson*, 247 F.3d 1289, 1291, n.2 (11th Cir. 2001) (to demonstrate eligibility for fees under the Hyde Amendment, "[a] criminal defendant must show […] that: … (2) his net worth was less than two million dollars."); *United States v. Braunstein*, 281 F.3d 982, n.9 (9th Cir. 2002) (same); *United States v. Heavrin*, 330 F.3d 723, 731 (6th Cir. 2003) (same); *see also* Wright, Leopold, Henning, Welling, Federal Practice and Procedure, § 741, The Hyde Amendment, 3B Fed. Prac. & Proc. Crim. § 741 (4th ed.) ("A 'party' eligible to seek attorney's fees is an individual whose net worth did not exceed $2 million at the time the case was filed").

In support of his motion, Ratchkauskas has not submitted an affidavit demonstrating that his net worth is less than the statutory threshold. (*See* Docket Nos. 622; 667). However, the Probation Office has computed Ratchkauskas' total net worth to be $2,572.127.00, far in excess of the threshold amount. (Docket No. 610 at ¶ 129). Although Ratchkauskas lodged an objection to this computation, (Docket No. 612), the Court lacks sufficient information to find that his net worth is less than $2,000,000.00, particularly in light of his (and his wife's) extensive real estate holdings and his admitted ownership of foreign bank accounts which the Court does not believe are included in the Probation Office's computations. (*See e.g.*, Docket No. 680 at ¶ 1 ("Mr. Ratchkauskas advises the Court that he […] (b) would place as collateral for his appearance bond the two condominiums in Miami, Florida owned by him and his wife (through a corporate entity). Based on the testimony at the sentencing hearing, these properties are valued at approximately $1,174,000. 6/2/16 Tr. at 17-19."); Docket No. 665 at 15 (Amit Ratchkauskas testifying ("A. I know he has one bank account in Israel, yes."")). Based on this record, the Court cannot presently find that Ratchkauskas is a "party" who is eligible for relief under the Hyde

Amendment.  *See Adkinson*, 247 F.3d at 1291, n.2.

Beyond this procedural matter, the motion for sanctions seeking attorney's fees and costs against the United States during the pendency of this litigation is not well taken in light of binding Third Circuit precedent, namely, *United States v. Manzo*, 712 F.3d 805, 810 (3d Cir. 2013).  In *Manzo*, the Court of Appeals held that "the Hyde Amendment 'places a daunting obstacle before defendants who seek to obtain attorney fees and costs from the government following a successful defense of criminal charges.'" *Id.* (quoting *United States v. Isaiah*, 434 F.3d 513, 519 (6th Cir. 2006) (internal quotation marks omitted)).  Further, a defendant's "'burden is made more difficult by the approach courts take in assessing the government's litigation position. In determining whether a position is vexatious, frivolous or in bad faith, courts 'make only one finding, which should be based on the case as an inclusive whole. A count-by-count analysis is inconsistent with this approach.'" *Manzo*, 712 F.3d at 810 (quoting *United States v. Heavrin*, 330 F.3d 723, 730 (6th Cir. 2003) (citation and internal quotation marks omitted)).  It reasonably follows that if the Court must evaluate the entire litigation in reference to a case where certain charges were dismissed but a guilty verdict was rendered on the remaining charges, the Court is required to do the same in this context where the motion challenges a much narrower dispute involving the United States' position regarding portions of a sentencing witness's testimony.  *Id.*  Overall, the Court is simply unable to presently conduct an evaluation of whether Ratchkauskas can meet his "daunting" and "difficult" burden to justify the imposition of sanctions against the United States under the Hyde Amendment.[1]  *See Manzo*, 712

---

[1]    The Court notes that, as part of their plea agreement,

> [t]he parties agree that, although charges are to be dismissed pursuant to this agreement, Dov Ratchkauskas is not a prevailing party for the purpose of seeking fees or other litigation expenses under Pub. L. No. 105-119 § 617 (Nov. 26, 1997) (known as the Hyde Amendment).  Dov Ratchkauskas waives any right to recovery attorney fees or other litigation expenses under the Hyde Amendment.

F.3d at 810 (quoting *United States v. Isaiah*, 434 F.3d 513, 519 (3d Cir. 2013)) ("'The defendant bears the burden of meeting any one of the three grounds under the statute, and acquittal by itself does not suffice.'").

Following the above precedent, and the fact that reconsideration of the Court's Order striking portions of Ms. Anthony's testimony was not timely sought, as the "United States accept[ed] [that] sanction and […] refrained from requesting reconsideration of that sanction," (*see* Docket No. 661 at 1-2), the Court declines to further delve into the parties' continuing disputes expressed in their respective papers surrounding that particular Order. (*See* Docket Nos. 622; 661; 667). Insofar as Ratchkauskas cites the United States' untimely disclosures of information as to Rochelle Roscoe, he has separately joined codefendant Arthur Smith's motion seeking relief from the Court on that issue. (*See* Docket No. 617). As the parties are aware, that matter remains under advisement given the extensive record in this case, and the Court will separately address the appropriate sanction for the United States' admitted failure to produce the 5K motions of cooperating witnesses as well as emails between counsel and the case agents prior to the testimony of Special Agents Daniel Fisher and Amanda Avolia. (*See* Docket No. 620 at 11 ("The government acknowledges that it should have provided the 5K motions, [and] the e-mail, […] prior to SA Fisher and SA Avolia testifying."; "[D]efense counsel should have had the opportunity to cross-examine Fisher and Avolia about these materials.")).

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record
       Dov Ratchkauskas c/o David Berardinelli, Esquire

---

*See Plea Letter dated 2/5/15* at ¶ C.6.